# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**SHERMAN LYNELL THOMAS,**

    **Plaintiff,**

vs.                                             Case No. 4:09cv116-SPM/WCS

**FRANKLIN COUNTY SCHOOL BOARD, et al.,**

    **Defendants.**

_____/

## ORDER and REPORT AND RECOMMENDATION

This cause is before the court upon Plaintiff's filing of a civil rights complaint under 42 U.S.C. § 1983, doc. 1, and an application for leave to proceed *in forma pauperis* (IFP). Doc. 2. Good cause having been shown, the motion is granted.

Plaintiff's complaint has been reviewed. Doc. 1. Plaintiff has brought this action in his name only. However, Plaintiff complains that the School Board of Franklin County has violated his son's Constitutional rights. *Id.* Plaintiff contends the Defendants violated the "No Child Left Behind" mandate by denying his son's "transfer to another school," and contends his Equal Protection rights have been violated. *Id.* Plaintiff also broadly claims that Defendants violated his son's "rights to having a fair, equal and

significant opportunity to obtain a high quality education and reach, at a maximum, proficiency on challenging state academic standards and assessments." *Id.*, at 3.

Plaintiff does not provide any dates of any alleged wrong-doing. Indeed, Plaintiff fails to state any facts which describe any particular actions of the Defendants. Plaintiff simply makes broad allegations which are insufficient to state a claim upon which relief may be granted.

Plaintiff references in the brief, one-page complaint his prior case, case number 4:07cv347, filed here on August 8, 2007. In that case, Plaintiff's amended complaint, doc. 8, alleged a violation of the No Child Left Behind mandate and school choice, as well as equal protection claims. On May 19, 2008, I entered a report and recommendation finding merit to defendants' argument that Plaintiff lacked standing to bring the case because the claims pertained to Plaintiff's son, and Plaintiff's son was not a named plaintiff in that case, and Plaintiff did not bring the action as "next friend" for his son. Doc. 32, pp. 5-6, case number 4:07cv347. Additionally, Plaintiff's constitutional claims were found to be insufficient for precisely the same reasons Plaintiff's complaint here is deficient. He made conclusory allegations of unidentified constitutional violations, without any supporting factual account, and that is not sufficient to state a claim. Doc. 32, p. 6, case number 4:07cv347. Finally, the No Child Left Behind claims were dismissed for being only conclusory allegations and insufficient to state a claim. The report and recommendation, doc. 32, was adopted on July 28, 2008, doc. 35, and the case dismissed. Doc. 36. Plaintiff's appeal to the Eleventh Circuit was dismissed on November 5, 2008, for lack of jurisdiction as it was not timely filed. Doc. 42.

Plaintiff has clarified nothing more in this new lawsuit. Indeed, his allegations, if anything, are more conclusory than before. At any rate, Plaintiff has now brought challenges previously raised. The doctrine of *res judicata* forecloses re-litigation of matters actually or potentially litigated in an earlier lawsuit. Richardson v. Alabama State Bd of Educ., 935 F.2d 1240 (11th Cir. 1991). In order for *res judicata* to operate as a bar to a subsequent suit "(1) there must be a final judgment on the merits, (2) the decision must be rendered by a court of competent jurisdiction, (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases." I. A. Durbin, Inc. v. Jefferson National Bank, 793 F.2d 1541, 1549 (11th Cir. 1986). *Res judicata* applies to foreclose re-litigation of matters "that were litigated or could have been litigated in an earlier suit." *Id.* In determining whether two cases or causes of action are the same, a court "must compare the substance of the actions, not their form." I. A. Durbin, 793 F.2d at 1549. Additionally, "[c]laims are part of the same cause of action when they arise out of the same transaction or series of transactions." In re Justice Oaks II, Ltd., 898 F.2d 1544, 1551 (11th Cir. 1990), *see* Restatement (Second) Judgments § 24 (1982).

Both Plaintiff's prior and present causes of action are the same because the actions arise "out of the same nucleus of operative fact, or [are] based upon the same factual predicate." In re Piper Aircraft Corp., 244 F.3d 1289, 1297 (11th Cir.), *cert. denied*, TDY Indus., Inc. v. Kaiser Aerospace & Elec. Corp., 534 U.S. 827 (2001), *quoted in* Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003). Plaintiff is complaining about the same issues previously raised, the same Defendants are named, and the basis for the case is the same. Moreover, the newly filed complaint in

this case suffers from the same deficiencies previously considered in the other case. This action should be dismissed *sua sponte*.

Accordingly, it is **ORDERED:**

1. Plaintiff's motion seeking leave to proceed *in forma pauperis*, doc. 2, is **GRANTED** under 28 U.S.C. § 1915(a).

2. The Clerk shall file the complaint without payment of the filing fee.

It is further **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and because amendment would be futile the claims are barred by *res judicata*.

**IN CHAMBERS** at Tallahassee, Florida, on April 15, 2009.

          s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**